UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CLARK FRAZIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:19-CV-00102-JRG-CRW |
| T. DOLLAR *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate proceeding pro se in a civil rights action for violation of 42 U.S.C. § 1983, has filed a motion for summary judgment against Defendants Troy Dollar and Craig Murwin [Doc. 64], along with a separate motion for summary judgment against Defendant Christopher Morley [Doc. 94]. Defendant Troy Dollar has filed a response to the motion against him [Doc. 96]. The remaining parties have failed to respond to Plaintiff's motions for summary judgment, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **DENIED**.

**I. PLAINTIFF'S RELEVANT ALLEGATIONS**

Plaintiff was housed as inmate at the Northeast Correctional Complex ("NECX") on December 10, 2018, when he was physically assaulted by Defendants, members of NECX's Complex Emergency Response Team ("CERT") [Doc. 2 at 3-5]. Plaintiff was injured during the assault and then placed in an outside cell in his underwear for more than two hours [*Id*. at 5].

**II. SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party[.]" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

2

### III.     SUMMARY JUDGMENT EVIDENCE

In support of his motions for summary judgment, Plaintiff has attached documents he received from the State of Tennessee through discovery requests [*See, e.g.*, Doc. 65]. While the Court notes that these documents and their contents have not been attested to, the Court nonetheless treats the evidence as true and uncontested for purposes of this Memorandum and Order.

At approximately 10:45 a.m. on December 10, 2018, CERT Corporal Troy Dollar, CERT member Craig Murwin, and other officers were contacted to move Plaintiff after Plaintiff destroyed the sprinkler head in his cell [Doc. 65-1 at 12-16, 19-20; Doc. 94-1 at 3-6]. Upon CERT's arrival at his cell, Plaintiff failed to comply with verbal instructions to submit to restraints, and CERT officers entered the cell [*See, e.g.*, Doc. 65-1 t 19]. Plaintiff thereafter "became aggressive and once again resisted any attempts from the officers to restrain him" [*Id.* at 13]. Officers placed Plaintiff on the ground "with the least amount of force necessary" to restrain him [*Id.*]. Plaintiff was successfully restrained and removed from the cell [*Id.* at 14]. Plaintiff was escorted to a "rec cage" for holding [Doc. 96-1].

Around 11:45 a.m., Plaintiff was evaluated by medical staff, who asked Plaintiff for his version of events [Doc. 65-1 at 16]. Plaintiff responded, "my bad" [*Id.*]. Medical staff noted abrasions to Plaintiff's forehead and cheek, along with "edema/bruising" to both of Plaintiff's eyes [*Id.* at 16]. Plaintiff was encouraged to use a cold compress and rest [*Id.*].

On December 13, 2018, the Tennessee Department of Correction ("TDOC") Commissioner's Office received a complaint regarding an allegation of excessive force that occurred on December 10, 2018, at NECX [*See* Doc. 65-1 at 6-9; Doc. 94-1 at 13-14]. An investigation by TDOC demonstrated that an inmate received "multiple injuries at various times in various locations at the facility" by CERT staff before he "was placed in a recreation enclosure

in sub-freezing weather (light snow and snow on ground) wearing wet boxer shorts for approximately two (2) hours, denied adequate protection from extreme weather elements and denied adequate medical attention" [Doc. 65-1 at 6, 8; Doc. 94-1 at 13]. Defendants Troy Dollar, Craig Murwin, and Christopher Morley were terminated on as a result of this investigation in March 2019 [Doc. 65-1 at 6-9; Doc. 94-1 at 13-14].

## IV. LAW AND ANALYSIS

Plaintiff's claim that he was assaulted by prison guards in an act of excessive force implicates the Eighth Amendment's prohibition against cruel and unusual punishment. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). In determining whether a prison official has violated the Eighth Amendment's prohibition against excessive force, courts apply a two-part inquiry that is made up of subjective and objective components: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the subjective component; and (2) whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency," i.e., the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992).

The subjective prong requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Hudson*, 503 U.S. at 7. To satisfy the objective component, an inmate need not prove a serious injury to prove cruel and unusual treatment, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, "not every malevolent touch by a prison guard" creates a federal claim, and *de minimis* uses of physical force that are not repugnant to the conscience of mankind do not violate the Eighth Amendment. *Id*. (quoting *Hudson*, 503 U.S. at 9). In fact, the

4

good faith use of physical force in pursuit of a valid penological objective will rarely, if ever, violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Viewing the evidence in the light most favorable to Defendants, the Court finds that significant issues of material fact remain in this case. The summary judgment evidence submitted by Plaintiff suggests that he was aggressive with officers and actively resisting them, and that he was placed on the ground with the least amount of force necessary. The evidence attached to Plaintiff's motions also states that Plaintiff advised medical staff that the incident was at least partially his fault [*See* Doc. 65-1 at 16]. These facts (if true) stand in striking contrast to the allegations of compliance and passiveness set forth in Plaintiff's complaint [Doc. 2].

The Court further finds that the dismissal letters attached to Plaintiff's motions do not establish deliberate indifference as a matter of law, as the letters are based upon conclusions drawn from the policies of the Tennessee Department of Correction rather than the Eighth Amendment. Therefore, the Court finds that significant factual disputes remain as to the liability of each Defendant, and that summary judgment is inappropriate in this case.

V.  **CONCLUSION**

For the reasons set forth above, the Court finds that upon liberal construction of the facts in Defendants' favor, a genuine issue of material fact remains as to Plaintiff's. Accordingly, Plaintiff's motions for summary judgment [Doc. 64 and 94] are **DENIED**.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action

diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE