UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CLARK FRAZIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:19-CV-00102-JRG-CRW |
| CRAIG MURWIN and CHRISTOPHER MORLEY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Christopher Morley has filed a motion for summary judgment in this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 129]. Plaintiff has filed a response opposing the motion [Doc. 135]. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that Defendant Morley's motion should be **DENIED**, as set forth below.

### I. PLAINTIFF'S RELEVANT ALLEGATIONS

On December 10, 2018, Plaintiff was an inmate at the Northeast Correctional Complex ("NECX") [Doc. 2 at 3]. Plaintiff alleges that correctional officers T. Dollar, Craig Murwin, E. Richardson, and Christopher Morley ("Defendants"[1]) entered his cell on that date and repeatedly kicked him, struck him, gouged his eyes, and "fish-hooked" him by putting their fingers in his mouth and nose and pulling backwards [*Id*. at 3-4]. Plaintiff contends that he was nonresistant the entire time [*Id*. at 4]. Plaintiff maintains that he was then placed in an outside holding cell wearing only his underwear in freezing weather without having received medical care [*Id*. at 5]. After the Court screened Plaintiff's allegation in compliance with the Prison Litigation Reform Act

---

[1] Defendants Dollar and Richardson were previously dismissed from this action [Docs. 140 and 151].

("PLRA"), Plaintiff was allowed to proceed on a claim of excessive force against Defendants in their individual capacities [Doc. 7 at 6].

## II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

## III. SUMMARY JUDGMENT EVIDENCE[2]

At all relevant times, Defendants were members of the Correctional Emergency Response Team ("CERT") at NECX [*See, e.g.,* Doc. 124-1; Doc. 124-2; Doc. 124-3]. At approximately 8:00 a.m. on December 10, 2018, CERT responded to a radio call regarding an assault on another officer in the prison yard [Doc. 124-1 at ¶5]. The incident requiring CERT's intervention occurred when

---

[2] The majority of the submitted documents are neither authenticated nor sworn. However, neither Defendant nor Plaintiff object to the admissibility of the evidence presented.

Plaintiff, who was asked to submit to handcuffs for the purpose of transport, pulled away from the officers and struck one of them with a closed fist [Doc. 124-5 at 2, 5]. Upon Defendants' arrival, they observed Plaintiff face down and handcuffed [Doc. 124-1 ¶5; Doc. 124-3]. Defendants observed cuts, abrasions, and bruising to Plaintiff's face, so he was taken to prison medical staff to be evaluated [Doc. 124-1 ¶5; Doc. 124-2; Doc. 124-3]. Once medical staff cleared Plaintiff, he was moved to a cell in Unit 5 without incident [Doc. 124-1 ¶6; Doc. 124-2; Doc. 124-3].

Plaintiff was strip-searched per policy of the Tennessee Department of Correction ("TDOC") [Doc. 124-1 ¶6]. His clothes were left in the cell with him [*Id.*]. A short time later, CERT was advised that Plaintiff had broken a sink and sprinkler head in his cell, thereby causing it to flood [Doc. 124-1 ¶7; Doc. 124-2; Doc. 124-3]. CERT was again directed to remove Plaintiff from this cell to another cell in Unit 4 [Doc. 124-1 ¶7; Doc. 124-2; Doc. 124-3]. At the time, Plaintiff was wearing only his boxers [Doc. 124-2]. The move to the second cell was accomplished without incident [Doc. 124-1 ¶7; Doc. 124-2; Doc. 124-3].

At approximately 10:45 a.m., the fire alarm sounded, and CERT was informed that Plaintiff had broken another sprinkler [Doc. 124-1 ¶8; Doc. 124-2; Doc. 124-3; Doc. 124-7]. Warden Roark directed CERT to remove plaintiff from the cell [Doc. 124-1 ¶8; Doc. 124-2; Doc. 124-3].

Upon arriving at Plaintiff's cell, Defendant Dollar twice ordered Plaintiff to back up to the "pie flap" to be handcuffed, and Plaintiff twice refused to comply [Doc. 124-1 ¶ 9; *see also* Doc. 124-2; Doc. 124-3]. Defendant Dollar directed officers to enter the cell and handcuff Plaintiff [*See* Doc. 124-1 ¶ 10]. Plaintiff resisted CERT in handcuffing him, and he attempted to bite Defendant Murwin's hand at one point [Doc. 124-1; Doc. 124-2; Doc. 124-3].

After the officers finally handcuffed Plaintiff, he was removed from the cell by CERT and placed in an outdoor "rec cage" per the orders of Warden Roark [Doc. 124-1 ¶¶ 9-10; Doc. 124-2;

3

Doc. 124-3]. Plaintiff did not complain of injuries at that time, and Defendants' involvement with him ceased at that point [Doc. 124-1 ¶¶ 10-11; Doc. 124-3]. Plaintiff was evaluated by medical staff in the rec cage at approximately 11:45 a.m., where he made the statement "my bad" when asked how the incident involving the use of force occurred [Doc. 124-6]. The medical staff noted abrasions to Plaintiff's face and bruising around his eyes, for which a cold compress and rest were encouraged [*Id.*].

After the commissioner's office received a complaint, TDOC investigated the events involving Plaintiff and Defendants on December 10, 2018 [*See, e.g.*, Doc. 101-1 at 13-14; Doc. 135 at 9-14]. TDOC's investigation "revealed [Plaintiff] sustained multiple injuries at various times in various locations at the facility. Furthermore, the inmate was placed in a recreation enclosure in sub-freezing weather (light snow and snow on ground) wearing only wet boxer shorts for approximately two (2) hours, denied adequate protection from extreme weather elements[,] and denied adequate medical attention" [Doc. 101-1 at 7-14; Doc. 135 at 9-14]. As a result, each Defendant was dismissed from employment in 2019, and each was deemed ineligible for rehire with TDOC [Doc. 101-1 at. 7-14; Doc. 135 at 9-14].

### IV. LAW & ANALYSIS

Defendant Morley has moved for summary judgment on the basis of qualified immunity [Doc. 129]. Plaintiff maintains that summary judgment is inappropriate due to TDOC's investigation into the incident and its subsequent findings [Doc. 135].

Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An evaluation of qualified immunity requires the Court to determine (1) whether there was a violation

of a constitutional right on the facts alleged (2) that was clearly established at the time of the conduct in question. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

For a right to be clearly-established, "at the time of the officer's conduct, the law [must have been] sufficiently clear such that 'every reasonable official would understand what he is doing is unlawful.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of rebutting the defense by showing both "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.' *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741). In short, it is a defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"[T]he unnecessary and wanton infliction of pain," inflicted with "deliberate indifference" to an inmate's health or safety, violates the Eighth Amendment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to prison conditions, as well as to prisoner punishments. *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).

Defendant Morley argues that Plaintiff has not produced any documentation to verify that he suffered injuries from an assault by Defendants, and that the CERT team's responsibility toward Plaintiff ended when he was escorted to the rec cage per Warden Roark's orders [Doc. 129]. Morley also maintains that Plaintiff has not presented any evidence that he personally caused any harm to Plaintiff, and that Plaintiff's admission to medical staff that the incidents giving rise to

5

this suit were the result of Plaintiff's own actions should preclude a finding of liability against Morley [*Id.*]. Plaintiff disagrees, claiming that Morley's termination letter, in which TDOC found that Morley violated TDOC policy regarding inmate treatment, should preclude the grant of summary judgment in his favor [Doc. 135 at 2-3].

While the violation of TDOC policy does not itself prove a constitutional violation, the Court finds that the TDOC's findings in Morley's termination letter are sufficient to create a material question of fact as to whether his responses to Plaintiff's conduct violated Plaintiff's clearly established constitutional rights to be free from excessive force and exposure to severe weather. *See, e.g., Hudson*, 503 U.S. at 4 (finding use of excessive physical force may constitute cruel and unusual punishment even where prisoner does not suffer serious injury); *Burley v. Miller*, 241 F. Supp. 3d 828, 837-38 (E.D. Mich. 2017) (collecting cases finding clearly established right to be free from exposure to severe weather and temperatures).

## V. CONCLUSION

For the foregoing reasons, Defendant Morley's motion for summary judgment on the basis of qualified immunity [Doc. 129] is **DENIED**. Defendant Morley is **ORDERED** to file an answer or other responsive pleading within twenty-one (21) days of entry of this Order.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
