UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CLARK FRAZIER,                           )
                                         )
              Plaintiff,                 )
                                         )
v.                                       )        No. 2:19-CV-00102-JRG-CRW
                                         )
CHRISTOPHER MORLEY,                      )
                                         )
              Defendant.                 )
                                         )

**<u>MEMORANDUM OPINION</u>**

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 alleges acts of excessive force by Defendant Christopher Morley [*See* Doc. 7].[1] Defendant Morley has filed a "Motion to Dismiss" requesting summary judgment based on Plaintiff's lack of administrative exhaustion [Doc. 173], and Plaintiff has filed a response opposing the motion [Doc. 178]. For the reasons set forth below, Defendant Morley's motion will be **GRANTED**, and this action will be fully and finally **DISMISSED**.

## I.     RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

On December 10, 2018, Plaintiff was an inmate housed in the Northeast Correctional Complex ("NECX") when various officers, including Defendant Morley[2] and the previously dismissed Defendants T. Dollar, E. Richardson, and C. Murwin, entered his cell and repeatedly kicked him, struck him, gouged his eyes, and "fish-hooked" him by putting their fingers in his mouth and nose and pulling backwards [Doc. 2 at 3-4]. Plaintiff contends that he was nonresistant

---

[1] Additional claims and Defendants were dismissed at prior stages of the litigation [*See* Docs. 7, 69, 140, 151, and 176].

[2] Plaintiff initially misidentified Defendant Morley as "C. Ingle" [*See* Doc. 2 at 3] but was permitted to substitute Defendant Christopher Morley as the intended party [*See* Doc. 76].

the entire time [*Id*. at 4]. Plaintiff maintains that he was then placed in an outside holding cell wearing only his underwear in freezing weather without having received medical care [*Id*. at 5]. After the Court screened Plaintiff's allegation in compliance with the Prison Litigation Reform Act ("PLRA"), Plaintiff was allowed to proceed on a claim of excessive force against Defendants in their individual capacities [Doc. 7 at 6].

Defendant Murwin filed an answer to Plaintiff's complaint on November 8, 2019 [Doc. 35]. Defendant Morley filed his answer on September 28, 2020 [Doc. 85]. In his answer, Defendant Morley expressly raised Plaintiff's alleged failure to exhaust his administrative remedies as an affirmative defense [Doc. 85 ¶ 28].

Thereafter, Defendant T. Dollar filed a motion to dismiss the action, alleging that Plaintiff had failed to exhaust his available administrative remedies prior to filing this action [Doc. 119]. The Court converted the motion to a motion for summary judgment and allowed the parties to present any pertinent material [*See* Docs. 124 and 127]. Thereafter, Defendant Morley filed a motion for summary judgment on the basis of qualified immunity [Doc. 129][3]. On April 1, 2021, the Court granted Defendant Dollar's motion for summary judgment and dismissed all pending motions as moot [Doc. 141]. Plaintiff appealed the Court's Order, and the Court stayed this cause pending Plaintiff's appeal [Doc. 154]. While the action was stayed, a notice of suggestion of Craig Murwin's death was filed [Doc. 157].

On May 2, 2022, the Sixth Circuit dismissed Plaintiff's appeal [Doc. 158]. On May 13, 2022, this Court entered an Order directing the Clerk to lift the stay of these proceedings, to forward the notice of suggestion of Craig Murwin's death to Plaintiff and Defendant Morley, and

---

[3] While the motion was premised on the theory of qualified immunity, Defendant Morley did assert Plaintiff's failure to exhaust his administrative remedies as an additional ground for relief in the final paragraphs of his motion [Doc. 129 at 4].

2

to reopen Defendant Morley's motion for summary judgment based on qualified immunity [Doc. 159].

This Court denied Defendant Morley's motion for summary judgment on the basis of qualified immunity and ordered him to file an answer or other response within twenty-one (21) days of entry of the Order [Doc. 163]. When Defendant Morley failed to take timely action, the Court entered an Order requiring Plaintiff to show cause why this action should not be dismissed for his failure to prosecute it against Defendant Morley [Doc. 166]. Plaintiff responded to the motion and filed a motion for default judgment [Doc. 169] and a motion for legal access [Doc. 170].

On July 25, 2022, this Court received a "Motion to Dismiss" filed pro se by Defendant Morley [Doc. 173]. In that motion, Defendant "requests summary judgment based upon failure of the Plaintiff to exhaust all administrative remedies . . . prior to filing a lawsuit" [*Id.* at 1]. Defendant Morley quotes extensively from the Court's Memorandum Opinion and Order granting Defendant T. Dollar's motion for summary judgment based on want of exhaustion and states that he believed he was also granted summary judgment by that decision, and that he otherwise noted the defense in his motion for summary judgment based on qualified immunity [*See* Docs. 129 and 173].

Subsequently, the Court denied Plaintiff's motion for default judgment against Morley as procedurally improper [Doc. 175][4] and dismissed Defendant Murwin from suit [Doc. 176].

---

[4] In response to Plaintiff's motion, Defendant Morley noted that in ruling on Defendant Dollar's motion for summary judgment, the Court dismissed all pending motions — including Defendant Morley's then pending motion for qualified immunity — as moot [Doc. 140]. In its Order lifting the stay of proceedings following Plaintiff's appeal, the Court noted that the motions should not have been terminated as moot and directed the Clerk to place them on the active docket [*See* Doc. 159]. Nonetheless, the Court acknowledges that this error likely created confusion to what action was required of the remaining Defendants, and therefore, even if Plaintiff's motion for default judgment had not been denied as procedurally improper, the procedural posture of this case would have warranted consideration of Defendant Morley's response.

3

## II.    SUMMARY JUDGMENT

### A.    Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000).  Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact.  *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).  In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

### B.    PLRA

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process.  *See Ross v. Blake*, 578 U.S. 632, 641 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v.*

4

*Churner*, 532 U.S. 731, 739 (2001)).  Moreover, the requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93.

Once a defendant has demonstrated that there was a generally available administrative remedy that the plaintiff did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier v. Laurel Cnty., Ky*., 636 F.3d 218, 225-26 (6th Cir. 2011) (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him[.]").

### C.    Analysis

In its Memorandum Opinion and Order resolving Defendant Dollar's motion for summary judgment, the Court stated:

> TDOC [Tennessee Department of Correction] Administrative Policy 501.01 governs inmate grievances [*See* Doc. 119-2].  The policy requires that grievances must be filed within seven calendar days of the occurrence, and it provides for three levels of review by TDOC should an inmate be dissatisfied with the response [*Id*.]. *See* Tennessee Dep't of Corr., "*Administrative Policies and Procedures*," at https://www.tn.gov/content/dam/tn/correction/documents/501-01.pdf (last visited March 25, 2021).  Here, Plaintiff alleges that he attempted to file a grievance that was lost or thrown away [*See* Doc. 2 at 6].  In response to Defendant Dollar's motion for summary judgment on the basis of want of exhaustion, Plaintiff argues that the very fact of an investigation into this incident upon a complaint is sufficient to satisfy any exhaustion requirement, given that Defendants refused to make a

record of exhaustion in this case by disposing of his grievance [*See* Doc. 135 at 1-2].

The Court finds TDOC's decision to terminate Defendants' employment upon investigation of a complaint into the incident giving rise to this suit is insufficient to demonstrate Plaintiff's compliance with TDOC's administrative procedures regarding exhaustion. The question of whether Defendants impeded Plaintiff's efforts to exhaust, however, warrants more thorough discussion. To be certain, prison officials cannot create a defect in the administrative exhaustion process and then attempt to take unfair advantage of the exhaustion requirement. *See, e.g., Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (noting failure to exhaust administrative remedies would be excused upon determination that officials denied prisoner plaintiff a grievance form); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (holding remedy becomes "unavailable" if "a prisoner, through no fault of his own, was prevented from availing himself of it"); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (finding remedy that officials keep prisoner from using is not "available"); *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (holding court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials").

In this instance, however, Plaintiff does not state when he made the grievance regarding Defendants' conduct, to whom he made the grievance, or the details of the grievance. Moreover, he does not maintain that he attempted to re-file the grievance or seek any levels of appeal. As noted above, a prisoner must use all available procedures in accordance with the applicable rules before he may be deemed to have exhausted; he cannot exhaust his remedies merely by failing to follow the necessary steps so that remedies once available to him no longer are. *See Woodford*, 548 U.S. at 89. Therefore, even if Plaintiff's initial grievance was misplaced or thrown away, he did not attempt to refile or otherwise appeal the process through its conclusion so as to properly comply with the PLRA's mandatory exhaustion requirement.

Additionally, Plaintiff cannot successfully contend that the process was confusing or too difficult to follow, as he utilized the process on July 25, 2018, according to TDOC records [*See* [Doc.] 119-1]. Rather, Plaintiff has merely presented the Court with an unsubstantiated and conclusory allegation that he filed any grievance at all, and such an allegation is insufficient to create a genuine dispute of material fact in light of Plaintiff's failure to pursue the issue. *See, e.g., Pickens v. Lewis*, No. 1:15-CV-275-FDW, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017) ("[U]nsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment."). Accordingly, the Court finds that Plaintiff failed to exhaust his available administrative remedies prior to filing suit, and Defendant Dollar is entitled to the grant of summary judgment on this ground.

6

[Doc. 140 at 6-8]. Defendant Morley's motion incorporates by reference the properly supported motion for summary judgment filed by Defendant Dollar, and for the reasons iterated above, the instant motion, based on Plaintiff's lack of administrative exhaustion, must likewise be granted. *See Woodford*, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

## III. CONCLUSION

As set forth above, Defendant Morley's motion for summary judgment [Doc. 173] will be **GRANTED**. There being no remaining Defendants or claims to adjudicate, all pending motions will be **DENIED** as moot, this action will be fully and finally **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

7